1    SUSAN M. HACK, ESQ. (Bar No. 145347)                    FILED ORIGINAL
     HIGGS, FLETCHER & MACK LLP
2    401 West A Street, Suite 2600                            07 APR 18 AM 11: 00
     San Diego, CA 92101-7913
3    TEL:   619.236.1551                                      CLERK, U.S. DISTRICT COURT
     FAX:   619.696.1410                                  SOUTHERN DISTRICT OF CALIFORNIA
4
                                                            BY:        POC        DEPUTY
5    Attorneys for Defendant
     MENU FOODS HOLDING, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                                          '07 CV 0706 BTM      POR
11   DIANE SWARBERG, individually and on      CASE NO.
     behalf of all others similarly situated,
12                                            NOTICE OF REMOVAL OF ACTION;
                          Plaintiffs,         DEMAND FOR JURY TRIAL
13
     v.                                       [28 U.S.C. § 1441(a)]
14
     MENU FOODS HOLDING, INC.,
15   THE IAMS COMPANY, and
     DOES 1 through 100, inclusive,
16
                          Defendants.
17

18

19        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that defendant, MENU FOODS HOLDING, INC. (hereinafter

21   referred to as "MENU FOODS" or "Defendant"), pursuant to 28 U.S.C. sections 1441 and 1446,

22   files this Notice of Removal (hereinafter "Notice") of this action from the Superior Court of the

23   State of California for the County of San Diego to the United States District Court for the

24   Southern District of California.  The grounds for removal are as follows:

25   ///

26   ///

27   ///

28   ///

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO
     801896.1

                                          NOTICE OF REMOVAL OF ACTION

Dockets.Justia.com

# I.    INTRODUCTION

1.    DIANE SWARBERG, on behalf of herself, similarly situated consumers, and the general public (hereinafter referred to as "Plaintiff"), commenced this products liability action in the Superior Court of the State of California, County of San Diego, entitled <u>DIANE SWARBERG v. MENU FOODS HOLDING, INC., THE IAMS COMPANY, and DOES 1 THROUGH 100,</u> Case No. 37-2007-00064066-CU-MY-CTI, on March 26, 2007.  Plaintiff alleges that her pet became ill upon consuming pet food manufactured and distributed by Defendant.  Plaintiff further claims that she sustained compensatory damages, including veterinarian bills and related expenses, as a result of her pet's illness.  A true and correct copy of the Complaint is attached hereto and incorporated by reference as **Exhibit A.**

2.    MENU FOODS has yet to be served with a copy of the Summons and the Complaint; however, it makes this Notice having received notice of this action.  Pursuant to 28 U.S.C. section 1441, this Notice of Removal is timely filed.

3.    As more fully set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d)(2), and this action is removable under 28 U.S.C. section 1441, because it is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action between citizens of different states.  Therefore, pursuant to 28 U.S.C. section 1441(a), the Defendant may remove this action to this Court.

# II.    THIS COURT HAS SUBJECT MATTER JURISDICTION

## A.    The Amount in Controversy Requirement Exceeds $5,000,000

4.    It is apparent from the fact of the Complaint that the Plaintiff seeks recovery of an amount in excess of $5,000,000, exclusive of costs and interest.  Plaintiff filed this class action on behalf of herself as an individual and similarly situated individuals of the United States whose pets became ill and/or died after consuming various brands of allegedly tainted pet food for dogs and cats manufactured by Defendant and distributed and sold through the State of California and the country.  Plaintiff alleges that she has sustained compensatory damages in the form of veterinarian bills and related expenses, as a result of her pet's illness.  In addition, Plaintiff alleges

1    that countless pets have died, and thousands of pets throughout the State of California have

2    suffered serious adverse health consequences, and have required extensive medical care, as a

3    result of consuming the affected pet food.  Plaintiff acknowledges that the members of the

4    putative class are numerous, and although the entire class is unknown to Plaintiff at this time, it is

5    estimated that the entire class is "at least in the hundreds, if not thousands considering the fact

6    that Menu Foods Holding, Inc. has identified 53 dog foods and 42 cat foods which may be

7    causing harm to pets . . ."  Plaintiff's prayer for relief seeks special damages, including veterinary

8    expenses and loss of earnings; disgorgement of all profits, punitive damages; and attorney fees,

9    on behalf of herself and all the members of the class.  Further, nowhere in the Complaint does the

10   Plaintiff limit the amount in controversy to less than $5,000,000.  See **Exhibit A**.

11         5.       "Where the class action complaint does not specify the amount of damages sought,

12   the removing defendant must prove by a preponderance of the evidence that the amount in

13   controversy requirement has been met."  Davis v. Chase Bank U.S.A., 453 F.Supp.2d 1205, 1208

14   (C.D. Cal. 2006).  Under this standard, "the defendant must provide evidence that is 'more likely

15   than not' that the amount in controversy satisfies the federal diversity jurisdictional amount

16   requirement."  Davis, 453 F.Supp.2d at 1208; citing Abrego v. The Down Chemical Co., 443 F.3d

17   676, 683 (9th Cir. 2006).

18         6.       Based on Plaintiff's own allegations that MENU FOODS has issued a recall of 53

19   brands of "cuts and gravy wet-style dog food" and 42 brands of "cuts and gravy wet style cat

20   food," and the types of damages claimed in the Complaint, it is apparent that the amount in

21   controversy exceeds $5,000,000, exclusive of costs and interest.

22         7.       Moreover, there are numerous pending class actions against MENU FOODS in

23   various federal judicial districts in which the named plaintiffs allege that jurisdiction exists under

24   28 U.S.C. section 1332(d)(2).  There is on reason to believe that the damages or amount in

25   controversy, exclusive of costs and interest, claimed by the Plaintiff in this civil action will be

26   less than those alleged in the pending federal cases.

27         8.       The Defendant has, therefore, met its burden of showing a reasonable probability

28   that the amount in controversy satisfies the federal jurisdictional amount.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801896.1                                     3

**B.    Complete Diversity of Citizenship Exists**

9.    There is complete diversity of citizenship between the Plaintiff and the Defendants in this action.  Diversity in a class action is established when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. section 1332(d)(2)(A).

10.    According to the Complaint, the named Plaintiff is a citizen of the State of California.

11.    MENU FOODS is a Delaware corporation with its principal place of business in Streetsville, Ontario, Canada.  Pursuant to 28 U.S.C. section 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. section 1332(c)(1).  MENU FOODS is deemed to be a citizen of the state listed above, which is not the State of California.

12.    The other named defendant, THE IAMS COMPANY, is, on information and belief, an Ohio company.  THE IAMS COMPANY has not appeared in the action.  The "DOE" defendants are wholly fictitious and sham parties against whom no relief is, or could be, sought in this action.  Pursuant to 28 U.S.C. section 1441(a), this Court should disregard the citizenship of any defendant sued under this fictitious name.  Accordingly, it is not necessary that any parties join in this Notice of Removal of Action.

13.    This case should be removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332 and 1441, because:  (1) the Plaintiff is a citizen of the State of California; (2) MENU FOODS is not a citizen of the State of California; and (3) the amount in controversy exceeds $5,000,000, exclusive of costs and interest.

**III.    PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

14.    This Notice of Removal is timely according to 28 U.S.C. section 1446(b).

15.    The Defendant, in good faith, believes that the amount in controversy exceeds $5,000,000, exclusive of costs and interest, and complete diversity of citizenship exists.

16.    The United States District Court of the Southern District of California embraces the county in which the state court action is now pending.  Therefore, this action is properly removed to the Southern District of California pursuant to 28 U.S.C. section 93(a)(1).

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801896.1                                              4

NOTICE OF REMOVAL OF ACTION

1     17.   Pursuant to 28 U.S.C. section1446(d), the Defendant is filing written notice of this

2  removal to all adverse parties and will file a copy of the notice with the clerk of the State court in

3  which this action is currently pending.

4     **WHEREFORE**, MENU FOODS respectfully moves this action from the Superior Court

5  of the State of California for the County of San Diego to the United States District Court for the

6  Southern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446.

7  **DEMAND FOR JURY TRIAL**

8

9     Pursuant to Federal Rule of Civil Procedure 38, MENU FOODS hereby demands trial by

10  jury in this action.

11

12  DATED:  18 APP07        HIGGS, FLETCHER & MACK LLP

14  By:

15     SUSAN M. HACK, ESQ.
   Attorneys for Defendant MENU FOODS
16     HOLDING, INC.

18 through 28

Exhibit A

03/28/2007 14:42 FAX 925 820   2          BERDING & WEIL                                    @004/015



ORIGINAL
FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

07 MAR 26  PM 4: 25

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Jeffrey B. Cereghino, Esq., State Bar No. 99480
Steven R. Weinmann, Esq., State Bar No. 190956
**BERDING & WEIL LLP**
3240 Stone Valley Road West
Alamo, California 94507
Telephone:    925/838-2090
Facsimile:    925/820-5592

Attorneys for Plaintiff
Diane Swarberg

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DIANE SWARBERG, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>MENU FOODS HOLDING, INC., THE IAMS COMPANY, and DOES 1 through 100, inclusive<br><br>Defendants | No.   **37-2007-00064066-CU-MT-CTL**<br><br>**CLASS ACTION COMPLAINT FOR BREACH OF WARRANTY; VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT CIVIL CODE § 1750 ET SEQ.; NEGLIGENT MISREPRESENTATION; STRICT PRODUCTS LIABILITY; AND NEGLIGENCE** |

BY FAX

Plaintiff Diane Swarberg ("Plaintiff" or "Ms. Swarberg") brings this civil action for damages on behalf of herself and all other similarly situated against the above-named Defendants and complains and alleges as follows:

## I.    NATURE OF ACTION

1.    Ms. Swarberg brings this action as a Class Action pursuant to Rule 382 of the Code of Civil Procedure, on behalf of all persons residing in the State of California who purchased any dog or cat food which was produced by any of the above-named defendants and has had a dog or cat become ill or died as a result of eating the food, and/or which have had to incur veterinary bills purchase special kidney sensitive food, both present and in the future, as a result of such injuries.

2    The defendants are producers and distributors of, *inter alia*, dog and cat food.

1 │ Menu Foods Holdings, Inc. produces dog and cat food under familiar brand names such as Iams,

2 │ Eukanuba and Science Diet.   Menu Foods Holdings, Inc. distributes its dog and cat food

3 │ throughout the United States to retailers such as Wal-Mart, Target, Petco, PetSmart, and Safeway.

4 │     3.    Dog and cat food which the defendants produced has caused an unknown number

5 │ of dogs and cats to become ill, and caused several to die.

6 │     4    To date, Menu Foods Holdings, Inc. has recalled 53 brands of dog food and 42

7 │ brands of cat food which are causing dogs and cats to become ill. All recalled food to date is of

8 │ the "cuts and gravy wet" style. The recalled brands, including any to be added to the recall list

9 │ later, are collectively referred to herein as the "Product."

10 │     5    As a result of the Defendants' actions Ms. Swarberg and other Class members have

11 │ suffered and will suffer economic damage.

12 │                      II.    PARTIES

13 │     6.    Plaintiff Diane Swarberg has at all material times been a resident of San Diego,

14 │ California.

15 │     7.    Defendant Menu Foods Holdings, Inc. is, upon information and belief, a

16 │ corporation organized under the laws of Delaware which transacts business in each of the 50

17 │ United States, including the State of California and County of San Diego. Menu Foods Holdings,

18 │ Inc. and/or its subsidiaries, is engaged in the business of manufacturing, distributing, marketing

19 │ and selling pet foods.

20 │     8.    Defendant, The Iams Company, is upon information and belief, an Ohio company

21 │ which transacts business in California and all 50 States, including the State of California and

22 │ County of San Diego. IAMs is engaged in the business of manufacturing, distributing, marketing

23 │ and selling pet foods.

24 │     9.    Plaintiff is ignorant at this time of the true names and capacities of Defendants

25 │ identified in the caption of this Complaint as DOE 1 through DOE 25. Plaintiff is suing these

26 │ Defendants by such fictitious names pursuant to California Code of Civil Procedure section 474

27 │ and will amend this Complaint to show their true names and capacities when the same have been

28 │ ascertained.  For the time being, Plaintiff is informed and believes that Defendants DOES 1

1    though 25 were and are business entities, organizations, joint venturers, partnerships, associations,

2    public entities, public agencies, and/or individuals who participated in the design, engineering,

3    development, manufacture, marketing, and selling of the Product along with the other named

4    Defendants.

5         10.    Plaintiff is further informed and believe that, at all times mentioned in this

6    Complaint, Defendants, including DOES 1 through 25, were the agent, servant, and/or employee

7    of the other, and each was acting within the course and scope of their agency and/or employment

8    with respect to the acts complained of in this Complaint.

9

10                           **III.   JURISDICTION AND VENUE**

11         11.    This Court has jurisdiction over this action pursuant to California Code of

12    Procedure section 410.10. Plaintiff seeks damages and restitution on behalf of herself and all

13    others similarly situated in the United States, under common and statutory law of the State of

14    California.

15         12.    Venue is proper in this Court because (a) the warranties which are the subject of

16    this action were made, or to be performed, and/or breached in this county; (b) the obligation or

17    liability which is the subject of this action arose in this county; (c) some of the described injuries

18    to property occurred in this county; (d) a substantial portion of the acts and transactions described

19    herein occurred within this county; (f) Defendants are registered to do business in the State of

20    California and/or are doing business within this county; and (g) because Defendants did do

21    business in this county by selling and marketing the items at issue in this county. Attached to this

22    Complaint as **Exhibit "A"** is a declaration from Plaintiff Swarberg attesting to facts establishing

23    proper venue in this county pursuant to Civil Code section 1780(c).

24

25

26

27

28

BERDING & WEIL, LLP
3330 Stone Valley Road West
Alamo, California 94507

CLASS ACTION COMPLAINT

-3-

1

2                        IV.    CLASS ACTION ALLEGATIONS

3          13.    Plaintiff brings this lawsuit as a class action on behalf of herself and all other

4   persons similarly situated, pursuant to *Code of Civil Procedure* section 382, and to the extent

5   applicable, the analogous provisions of Federal Rule of Civil Procedure 23.  And, as detailed

6   below, this class action satisfies the numerosity, ascertainability, typicality, adequacy,

7   predominance, and superiority requirements of those statutes.  Plaintiff brings this suit on behalf

8   of herself and a Plaintiff Class (the "Class") composed of:

9                  All persons residing in the State of California at the time that they purchased any

10                 dog or cat food which was produced by the defendants which became the subject of the

11                 recall of such food, and who have had a dog or cat which became ill resulting in death or

12                 injury, and/or required veterinary examinations, and/or will require increased veterinary

13                 examinations as a result of eating the food.

14         Plaintiff reserves the right to modify this class definition prior to moving for class

15  certification.

16         14.    This action has been brought and may be properly maintained as a class action

17  pursuant to C.C. P. 382, Civil Code section 1781, and Rule 23 of the Federal Rules of Civil

18  Procedure for the following reasons:

19                 a.     The Class is ascertainable and there is a well-defined community of interest

20  among the members of the Class;

21                 b.     Membership in the Class is so numerous as to make it impractical to bring

22  all Class members before the Court.  The identity and exact number of Class members is unknown

23  but is estimated to be at least in the hundreds, if not thousands considering the fact that Menu

24  Foods Holdings, Inc. has identified 53 dog foods and 42 cat foods which may be causing harm to

25  pets, and there are news reports of many ill or dying pets;

26                 c.     Plaintiff's claims are typical of those of other Class members, all of whom

27  have suffered harm due to Defendants' uniform course of conduct;

28                 d.     Plaintiff is a member of the Class;

1          c.     There are numerous and substantial questions of law and fact common to all

2  of the members of the Class which control this litigation and predominate over any individual

3  issues. The common issues include, but are not limited to, the following:

4               i.    Did the defendants make representations regarding the safety of the

5  dog and cat food they produced and sold?

6              ii.    Were the defendants' representations regarding the safety of the dog

7  and cat food they produced and sold?

8             iii.    Did the defendants' dog and cat food cause Plaintiff's and other

9  Class members' pets to become ill?

10           iv.    Were Plaintiff and other Class members damaged?

11          f.     These and other questions of law or fact which are common to the members

12  of the Class predominate over any questions affecting only individual members of the Class;

13          g.     Plaintiff will fairly and adequately protect the interest of the Class in that

14  Plaintiff has no interests that are antagonistic to other members of the Class and has retained

15  counsel competent in the prosecution of class actions to represent herself and the Class;

16          h.     Without a class action, the Class will continue to suffer damage,

17  Defendants' violations of the law or laws will continue without remedy, and Defendants will

18  continue to enjoy the fruits and proceeds of their unlawful misconduct;

19          i.     Given (i) the substantive complexity of this litigation; (ii) the size of

20  individual Class members' claims; and (iii) the limited resources of the Class members, few, if

21  any, Class members could afford to seek legal redress individually for the wrongs Defendants

22  have committed against them;

23          j.     This action will foster an orderly and expeditious administration of Class

24  claims, economies of time, effort and expense, and uniformity of decision;

25          k.     Inferences and presumptions of materiality and reliance are available to

26  obtain class-wide determinations of those elements within the Class claims, as are accepted

27  methodologies for class-wide proof of damages; alternatively, upon adjudication of Defendants'

28  common liability, the Court can efficiently determine the claims of the individual Class members;

1        l.    This action presents no difficulty that would impede the Court's

2 management of it as a class action, and a class action is the best (if not the only) available means

3 by which members of the Class can seek legal redress for the harm caused them by Defendants.

4        m.    In the absence of a class action, Defendants would be unjustly enriched

5 because they would be able to retain the benefits and fruits of their wrongful conduct.

6        15.    The Claims in this case are also properly certifiable under applicable law.

7

8                  **V.    STATEMENT OF FACTS**

9        16    Plaintiff Diane Swarberg was the owner of a male cat named Oscar.

10        17.    Ms. Swarberg acquired Oscar in 1995.

11        18    Oscar ate one to three bags daily of IAMS Select Adult Bites, which is one of the

12 foods covered by Defendants' recall. He has been eating IAMS Select Adult Bites for many years.

13 He had been generally healthy up until March 2007.

14        19    In March 2007, Oscar became extremely ill and Ms. Swarberg took him to a

15 veterinarian who informed her that Oscar had suffered kidney failure, also known as acute renal

16 failure. A few days later, on March 15, 2007, tests showed that Oscar was suffering from

17 irreversible kidney failure, and the advice of the veterinarian was that the humane thing to do was

18 to euthanize Oscar, which was done with great reluctance. Blood and urine tests were done, and

19 an autopsy has confirmed that the kidney failure was consistent with poisoning. On information

20 and belief, at least six other cats in San Diego County have died due to poisoning by Defendants'

21 Product.

22        20.    In March 2007, Menu Foods Holdings, Inc. recalled 53 brands of cuts and gravy

23 wet-style dog food and 42 brands of cuts and gravy wet style cat food which had caused dogs and

24 pets to become ill. One common symptom in the sick animals was kidney failure, also known as

25 acute renal failure. On information and belief, the recalled foods are contaminated with a

26 rodentcide which is a known poison harmful to cats and dogs.

27        21.    On information and belief, the contaminated Product has caused the deaths or

28 sickness of hundreds of cats and dogs nationwide, requiring veterinary care, repeated monitoring

1   by veterinarians, special medication, and permanent injuries. Those class members who have had

2   their pets die, have lost the fair market and other peculiar value (Civil Code § 3355) of their pets.

3   The peculiar value of the pets to their owners, is deemed to be the value of that property becaue

4   Defendants had notice thereof and/or were willful wrongdoers pursuant to Civil Code section

5   3355. The class members have had to throw out substantial quantities of unused pet food due to

6   the recall. The owners of such injured pets, such as Ms. Swarberg, have also suffered severe

7   emotional distress at having their pets die and /or become hospitalized as a result of ingesting the

8   Product. Those emotional distress claims will be subject to individualized proof, post-disposition

9   of common class claims, as shall be further articulated in a trial plan.

## FIRST CAUSE OF ACTION

## BREACH OF WARRANTY

12      22.    Plaintiff realleges all prior allegations as though fully stated herein.

13      23.    Plaintiff and Class members purchased pet food produced by the defendants based

14   on the understanding that the food was safe for their pets to consume.

15      24.    The pet food produced by the defendants was not safe for pets to consume and

16   caused dogs and cats to become ill. The unsafe nature of the pet food constituted a breach of the

17   implied warranty of merchantability.

18      25.    Cat food and dog food produced by Menu Foods Holdings, Inc. are "goods" within

19   the meaning of Uniform Commercial Code Article 2.

20      26.    Defendants' conduct as described herein constitutes breach of an implied or express

21   warranty of affirmation.

22      27.    Defendants' conduct as described herein constitutes breach of an implied warranty

23   of merchantability.

24      28.    Defendants' conduct as described herein constitutes breach of an implied warranty

25   of fitness for a particular purpose.

26      29.    As a proximate result of the aforementioned wrongful conduct and breach, Ms.

27   Swarberg and other class members have suffered damages in an amount to be proven at trial.

28   Defendants had actual or constructive notice of such damages.

1    30.    As a result of the breach, Plaintiff and Class members suffered damages which may

2    fairly and reasonably be considered as arising naturally from the breach or may reasonably be

3    supposed to have been in the contemplation of the parties, at the time they made warranties as to

4    the Product , and as the probable result of the breach of such warranties.

5

6                          **SECOND CAUSE OF ACTION**

7                           **UNJUST ENRICHMENT**

8    31.    Plaintiff realleges all prior allegations as thought fully stated herein.

9    32.    Defendants were and continue to be unjustly enriched at the expense of Ms.

10    Swarberg and other Class members.

11    33.    Defendants should be required to disgorge this unjust enrichment.

12                         **THIRD CAUSE OF ACTION**

13                    **CONSUMER LEGAL REMEDIES ACT**

14                **(Civil Code section 1750, et. seq.)**

15    34.    Plaintiff realleges all prior allegations as thought fully stated herein.

16    35.    Defendants' sale of tainted pet food constitutes an unlawful, deceptive and unfair

17    business act within the meaning of the Consumer Legal Remedies Act, Civil Code section 1750,

18    et. seq.

19    36.    Defendants are "persons" as defined under Civil Code section 1761(c).

20    37.    Defendants violated Civil Code sections 1770(a)(5) and (7) when they failed to

21    disclose that Defendants' Product is inherently defective and dangerous and not fit for its intended

22    purpose. Defendants' sale of hazardous pet food has the capacity to deceive a substantial portion

23    of the public and to affect the public interest.

24    38.    As a result of the above material omissions, Defendants have committed the

25    following violations of section 1770:

26        a)    Defendants have represented that their pet food has characteristics or
                  benefits which it does not have (section 1770(a) (5));

27

28        b)    Defendants have falsely represented that their pet food is of a particular
                  standard, quality or grade (section 1770(a) (7)).

CLASS ACTION COMPLAINT                             -8-

39.    Defendants' deceptive practices, as alleged above, were specifically designed to, and did, induce Plaintiffs and members of the Class to purchase the Product. Defendants engaged in marketing efforts to reach the Class and persuade members to purchase the defective Product, leading to the injuries to their pets as well as other damages.

40.    As a result of Defendants' unfair or deceptive acts or practices, Ms. Swarberg and other class members suffered injuries in an amount to be proven at trial.

41.    Plaintiff and the Class are providing Defendants with the notice required by with by giving notice of their violation of the Consumers Legal Remedies Act by mail. Plaintiffs at this time request only injunctive relief, until the expiration of the 30 day period in which Defendants may respond to the notice. Such injunctive relief may include further notice of the recall to the public, and an expansion of the recall, among other things. Plaintiff and the Class will amend their Complaint to add claims for damages in the event that Defendants do not respond to the Notice in the specified time. As such, Plaintiffs have therefore complied with the 30-day notice period required by Civil Code section 1782(a).

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

41.    Plaintiff realleges all prior allegations as though fully stated herein.

42.    Defendants owed Ms. Swarberg and the Class members as a duty to exercise reasonable care in representing the safety of its dog and cat foods.

43.    Defendants falsely represented that its dog and cat food was safe for consumption by dogs and cats.

44.    In reality, Defendants' dog and cat food caused dogs and cats to become ill and, in some cases, to die.

45.    Ms. Swarberg and class members reasonably relied on the information provided by Defendants regarding the safety of its dog and cat food.

46.    As a proximate cause of Defendants' false representations Ms. Swarberg and other Class members suffered damages in an amount to be proven at trial.

1

2                    **FIFTH CAUSE OF ACTION**

3                    **STRICT PRODUCTS LIABILITY**

4        47.    Plaintiff realleges all prior allegations as though fully stated herein.

5        48.    The Product in all its forms is defective in that it was manufactured or packaged

6    such that it came to contain poisons that are harmful to animals which consume it. Defendants,

7    and each of them, knew that the Product would be purchased and used without inspection for

8    defects by the purchaser or user. The Product was further defective due to inadequate testing.

9        49.    The kinds of harm which befell Plaintiff, her pet, and the members of the Class and

10   their pets, including in the form of veterinary expenses and emotional distress, were entirely

11   foreseeable results of the defect in the Product.

12       50.    Neither Plaintiff nor any member of the Class knew or had reason to know at the

13   time of his/her purchase, or at any time prior to the injuries to their pets, that the Product was

14   defective.

15       51.    Plaintiff requests damages including punitive damages, and medical and related

16   expenses for their pets, against all Defendants.

17                   **SIXTH CAUSE OF ACTION**

18                   **NEGLIGENCE**

19       52.    Plaintiff realleges all prior allegations as though fully stated herein.

20       53.    Because Defendants were in the business of manufacturing, canning, marketing,

21   distributing and selling food for consumption by pets and possibly by members of the general

22   public who might intentionally or unknowingly consume it, Defendants each owed a duty of care

23   to the general public and to Plaintiff and the Class members in particular, to use reasonable care to

24   see that the Product sold by them was fit for animal as well as human consumption.

25       54.    Defendants, and each of them, failed to use reasonable care in the manufacture,

26   processing, preparation, and sale of the Product as described above, and as a proximate result of

27   their negligence and carelessness, poison in the form of rodenticide or other contaminants harmful

28   to animals and humans was present in the Product purchased by the Class members and consumed

BERDING & WEIL, LLP

CLASS ACTION COMPLAINT                                              -10-

12010549.tif - 3/26/2007 2:47:08 PM

03/26/2007 14:44 FAX 925 82▪ ▪2          BERDING & WEIL·                    ☑014/015

1   by their pets.

2                        **VII.   PRAYER FOR RELIEF**

3           WHEREFORE, Plaintiff and the Class members request that the Court enter an order of

4   judgment against Defendants including the following:

5           A.      Certification of the action as a class action pursuant to C.C.P. Rule 382 and Civil

6   Code section 1781 with respect to the claims for damages, and appointment of Plaintiff as Class

7   Representative and her counsel of record as Class Counsel;

8           B.      Actual damages (including all general, special, incidental, and consequential

9   damages), statutory damages (including treble damages), punitive damages (as allowed by the

10  law(s) of the states having a legally sufficient connection with defendants and their acts or

11  omissions) and such other relief as provided by the statutes cited herein;

12          C.      Prejudgment and post-judgment interest on such monetary relief;

13          D.      Equitable relief in the form of restitution and/or disgorgement of all unlawful or

14  illegal profits received by Defendants as a result of the unfair, unlawful and/or deceptive conduct

15  alleged herein;

16          E.      Other appropriate injunctive relief including but not limited to additional notice of

17  the recall to the public;

18          F.      The costs of bringing this suit, including reasonable attorneys' fees; and

19          G.      Such other relief as this Court may deem just, equitable and proper.

20

21  Date: March 26, 2007                      **BERDING & WEIL LLP**

22

23                                             By
                                                   Jeffery B. Coreghino, Esq.
24                                                 Steven R. Weinmann, Esq.
                                                   Attorneys for Plaintiff
25
    O:\WDOCS\0002\07\PLD\00431732.DOC
26

27

28

BERDING & WEIL LLP

CLASS ACTION COMPLAINT                                                              -11-

FILED
CIVIL BUSINESS OFFICE 17
CENTRAL DIVISION

07 MAR 26  PM 4: 25

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Jeffrey B. Cereghino, Esq., State Bar No. 99480
   Steven R. Weinmann, Esq., State Bar No. 190956
2  **BERDING & WEIL LLP**
   3240 Stone Valley Road West
3  Alamo, California 94507
   Telephone:   925/838-2090
4  Facsimile:    925/820-5592

5
   Attorneys for Plaintiff
6  Diane Swarberg

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 IN AND FOR THE COUNTY OF SAN DIEGO

10 DIANE SWARBERG, individually and on          No.    37-2007-00064066-CU-MT-CTL
   behalf of all others similarly situated,
11
                   Plaintiff,                   **DECLARATION IN LIEU OF**
12                                              **AFFIDAVIT**
         vs.
13                                              **(Code of Civil Procedure § 2015.5)**

14 MENU FOODS HOLDING, INC., THE
   IAMS COMPANY, and DOES 1 through 100,        **DECLARATION OF PLAINTIFF DIANE**
15 inclusive,                                    **SWARNERG PURSUANT TO CIVIL**
                                                **CODE SECTION 1780(c)**
16                 Defendants

17 _____/            **BY FAX**

18
19     I, DIANE SWARBERG, declare:

20     1.    I am the named Plaintiff in the above-captioned lawsuit, and I submit this

21 Declaration in support of Plaintiff's Complaint and in accordance with Civil Code section

22 1780(c) to state facts showing that this action has been commenced in a county described in

23 Code of Civil Procedure section 1780 as a proper place for the trial of this action.

24     2.    I am a citizen and resident of San Diego County, State of California, and, if called

25 as a witness, I would testify of my own personal knowledge as follows:

26     3.    In the period from 2005 to March 2007, I purchased cat food sold under the

27 brand name "IAMS Select Adult Bites" for my cat, Oscar, at a store in San Diego County,

28 California.

BERDING & WEIL, LLP
3240 Stone Valley Road West
Alamo, California 94507

DECLARATION IN LIEU OF AFFIDAVIT                                    -1-

4.    It is my understanding that the cat food I purchased was manufactured by Menu Foods, Inc. for IAMS, and that this particular item is part of a recall of contaminated pet food by Menu Foods, Inc.

5.    My cat, Oscar, became ill after consuming the IAMS / Menu Foods food.

6.    I brought him to a veterinarian, who told me that he was suffering from kidney failure.

7.    Following further tests, it was decided that the most humane thing to do was to euthanize Oscar, who died on March 15, 2007.

8.    An autopsy has been performed, and the tests show that Oscar had poison in his system. Recent press reports have stated that the Menu Foods products are contaminated with a type of rat poison.

9.    All of the matters discussed herein occurred or substantially occurred in San Diego County, in the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 27 day of March, 2007, at San Diego, California.


Diane Swarberg

DECLARATION IN LIEU OF AFFIDAVIT    -2-

1  SUSAN M. HACK, ESQ. (Bar No. 145347)
   HIGGS, FLETCHER & MACK LLP
2  401 West "A" Street, Suite 2600
   San Diego, CA 92101-7913
3  TEL: 619.236.1551
   FAX: 619.696.1410
4
   Attorneys for Defendant
5  MENU FOODS HOLDING, INC.

6

7

8                 **UNITED STATES DISTRICT COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10                                        '07 CV 0706 BTM    POR

11
   DIANE SWARBERG, individuall and on        CASE NO. _____
12 behalf of all others similarly situated,
                                             **PROOF OF SERVICE BY MAIL**
13                 Plaintiffs,
                                             **TRIAL DATE:  No Date Set**
14 v.

15 MENO FOODS HOLDING, INC., THE
   JAMS COMPANY, and DOES 1 through
16 100, inclusive,

17                 Defendants.

18       I, the undersigned, declare:

19       I am a resident of the State of California and over the age of eighteen years, and not a

20 party to the within action; my business address is 401 West "A" Street, Suite 2600, San Diego,

21 California 92101.  On April 18, 2007, I served the within documents:

22       1.      **NOTICE OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL [28**

23 **U.S.C.§1441(A)]**

24       2.      **DEFENDANT'S DEMAND FOR JURY TRIAL**

25       3.      **LODGMENT OF STATE COURT FILE**

26       on the interested parties in this action, by placing true copies thereof in a separate

27 envelope addressed to each addressee, respectively, as follows:

28

HIGGS, FLETCHER &
MACK LLP          801978.1                                      PROOF OF SERVICE
ATTORNEYS AT LAW
SAN DIEGO

1

☐  By transmitting via facsimile the document(s) listed above to the fax number(s) set
2      forth below on this date before 5:00 p.m. A copy of the transmission report issued
3      by the transmitting facsimile machine is attached hereto.

4  ☒  **(BY MAIL):**I deposited such envelope in the mail at San Diego, California. The envelope was
        mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's
5        practice for collection and processing of correspondence for mailing with the United
        States Postal Service; and that the correspondence shall be deposited with the United
6        States Postal Service this same day in the ordinary course of business. I am aware that
        on motion of the party served, service is presumed invalid if postal cancellation date
7        or postage meter date is more than one day after date of deposit or mailing in affidavit.
        (CCP §§ 1013, 2015.5.)

8

9  **ATTORNEYS FOR PLAINTIFF
DIANE SWARBERG**

10

11  **Jeffrey B. Cereghino, Esq.
Steven R. Weinmann, Esq.
BERDING & WEIL LLP**
12  **3240 Stone Valley Raod West
Alamo, CA  94507**
13

14  **Tel:  (925) 838-2090
Fax:  (925) 820-5592**

15

16      I am readily familiar with the firm's practice of collection and processing correspondence

17  for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

18  day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

19  motion of the party served, service is presumed invalid if postal cancellation date or postage

20  meter date is more than one day after date of deposit for mailing in affidavit.

21      I declare under penalty of perjury under the laws of the State of California that the above

22  is true and correct.

23      Executed on April 18, 2007, at San Diego, California.

24

25

26            *Diana Zottolo*
27            DIANA ZOTTOLO

28

HIGGS, FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

801978.1                              2

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
DIANE SWARBERG

## DEFENDANTS
MENU FOODS HOLDING, INC., et al.

**FILED**

07 APR 18 AM 11: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 CV 0706 BTM POR

PGEL

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey B. Cereghino, Esq. (99480)
Steven R. Weinmann, Esq. (190956)
BERDING & WEIL LLP
3240 Stone Valley Road West
Alamo, CA 94507

ATTORNEYS (IF KNOWN)
Susan M. Hack, Esq.
HIGGS, FLETCHER & MACK LLP
401 WEST A STREET, SUITE 2600
SAN DIEGO, CA 92101

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. sections 1441 and 1446

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 866 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removal from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
Docket Number

DATE  18 APR 07

SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

137271 #350 SM 4/18/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 137271 - A2
April 18, 2007

| Code | Case # | Qty | Amount |
|------|--------|-----|--------|
| CV886900 | 3-07-CV-0706 | | 60.00 CH |
| Judge | - MOSKOWITZ | | |
| CV886400 | | | 100.00 CH |
| CV510000 | | | 190.00 CH |

Total->     350.00

FROM: CIVIL FILING
    SWARBERG V. MENU FOODS HOLDING
    INC ET AL.
    OCH 20125  SH